**Oscar Alexander SERRANO,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

No. 08–72171.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.[*]

Filed July 24, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Oscar Alexander Serrano, Tacoma, WA, pro se.

Kiley L. Kane, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Oscar Alexander Serrano, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir.2007), and we deny the petition for review.

Substantial evidence supports the agency's denial of asylum because Serrano failed to demonstrate that the harms he experienced at the hands of the police were on account of a protected ground, *see Alonzo v. INS*, 915 F.2d 546, 548 (9th

Cir.1990), or that he has a well-founded fear of future persecution by either the police or gang members on account of a protected ground, *see Sanchez–Trujillo v. INS*, 801 F.2d 1571, 1579–81 (9th Cir. 1987); *Arteaga*, 511 F.3d at 945–46 (holding that former gang members do not comprise a particular social group).

Because Serrano failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT protection because Serrano failed to establish it is more likely than not he would be tortured if returned to El Salvador. *See Arteaga*, 511 F.3d at 948–49.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.